[Crim. No. 1682. Second Appellate District, Division Two.—August 10, 1928.]

THE PEOPLE, Respondent, v. WILLIAM JOHNSTON, Appellant.

Benno M. Brink for Appellant.

U. S. Webb, Attorney-General, and Waldamar Augustine for Respondent.

CRAIG, J.—On the night of February 3, 1928, at about 9:30 o'clock, appellant, while driving an automobile in a southerly direction on Vermont Avenue, near Forty-eighth Street, in the city of Los Angeles, struck Mrs. Florence Gillette and a lady companion, and ran over them, as a result of which the former died almost instantly. He was charged by information, consisting of three counts, with (1) manslaughter; (2) violation of section 141 of the Motor Vehicle Act for failure to stop and furnish the information required by said section or to render aid, and (3) driving a vehicle upon a public street while under the influence of intoxicating liquor. He was found guilty upon all three counts, and was sentenced to serve in the penitentiary at San Quentin under the first two counts the time prescribed by law, and ninety days under the third count. This appeal is from the judgments rendered.

The principal ground of appeal is an alleged insufficiency of the evidence to support the verdict and judgment upon either one of the counts. It is insisted that as to the verdict of manslaughter there is no evidence that the defendant was engaged in the commission of an unlawful act not amounting to a felony, or of an unlawful act which might produce death in an unlawful manner, or without care or circumspection when the acts were committed which resulted in the death of Mrs. Gillette; that there was no evidence that defendant caused Mrs. Gillette's death, or that he was under the influence of intoxicating liquor at the time of the collision. It is asserted that "the only possible theory upon which the jury could have convicted on the charge of manslaughter is that the defendant was driving his machine while under the influence of intoxicating liquor at the time of the accident."

Two eye-witnesses testified that they saw a Ford automobile knock down two elderly women as they started to walk across Vermont Avenue at Forty-eighth Street; that they were hit in the pedestrian zone; that it ran over them, turned westerly on Forty-ninth or Fiftieth Street, and made no effort to stop. The witness, Morgan, followed the machine in his car, and obtained the license number; it was that driven by Johnston, and he was traced to his room, and was arrested at about 11:30 P. M. This witness also testified that Johnston increased his speed after striking the women, and continued to increase it up to about 40 miles an hour after turning westerly. A Mrs. Rose Ex stated that she was sitting in another car across the street from the accident, and that her attention was attracted by screams. It appears that another Ford car, which followed the defendant, ran over Mrs. Gillette's lower limbs below the knees. The autopsy surgeon testified that death was caused by crushing of the chest and abdomen.

One of the arresting officers swore that he found the defendant in bed, asleep, at about 11:30 P. M., and that it took some time to awaken him; that he then smelled of liquor, walked unsteadily, that his speech was more or less incoherent, and that ''he was under the influence of intoxicating liquor''; that Johnston admitted having been driving the Ford car, but said that he did not know where, that he had had a few drinks, and did not remember being farther south than Sixteenth Street or Venice Boulevard. The police surgeon testified that when the defendant arrived at the station house at 12:30 his breath was alcoholic, though he was not intoxicated, but that it would have been possible for him to have been intoxicated an hour before.

It remained for the jury to determine from the evidence, the salient portions of which are detailed above, and under the instructions of the trial court, as to whether or not the defendant was intoxicated when he knocked down and ran over the pedestrians, and we think the evidence was unquestionably sufficient to support their affirmative verdict in this respect. That he failed to stop, and that Mrs. Gillette came to her death as a result of the accident, are facts established by uncontradicted testimony of witnesses who were at the scene at the time. The question as to whether or not he struck the deceased was one as to which he claims

there is a reasonable doubt raised by the evidence and circumstances. Granting that such a doubt might have been justified, we cannot say that the failure of the jury to so view the evidence was wholly unwarranted. Such a question is nearly always one as to which no direct evidence can be produced, and which must be determined through deduction and inference. It is idle to argue that there is an entire absence of facts established from which the jury could reasonably be convinced beyond a reasonable doubt that the defendant was cognizant of the fact that he had struck the deceased. The point does not warrant a restatement of the evidence in that behalf.

That the automobile which followed appellant's machine did not cause Mrs. Gillette's death seems obvious from the facts herein set forth. Manslaughter is the unlawful killing of a human being, without malice. (Pen. Code, sec. 192.) Since there is ample evidence tending to prove that Johnston drove on a public thoroughfare while intoxicated, the jury were justified in concluding that he committed a lawful act in an unlawful manner, and was guilty of the offense charged in the first count.

It is argued that the trial court erred in instructing the jury that one who unlawfully strikes and leaves a pedestrian without stopping to render aid is liable for the natural and probable result of his unlawful act, by not including therein the words "knowingly" and "wilfully." The entire instruction reads as follows:

"It is the law that if a person while driving an automobile on a public highway, by his unlawful and felonious conduct strikes another and causes him or her to be thrown to the pavement of a public highway and leaves the person so struck lying on the highway in a helpless condition, the person thus causing the condition of the injured person is liable for the natural and probable result of his unlawful acts, and, if, as a result thereof, the injured person is struck and killed by a vehicle driven by another person driving an automobile, the person who originally struck the injured person and left him upon the highway is as fully responsible under the law as if his own act had inflicted the fatal injuries."

The plain purport of this instruction was to inform the jury concerning the responsibility of the defendant, as involved

in the charge of manslaughter, and that it had no direct application to the charge contained in the second count. Viewed in this light, we think it is not subject to criticism. Of course, the entire law pertaining to any charge is not expected, nor is it required, to be stated in one instruction. For the purposes of this instruction, the provision therein that the conduct in question should be unlawful and felonious is sufficient without defining these terms, and especially the word "felonious." No other point merits consideration.

The judgment is affirmed.

Works, P. J., and Thompson, J., concurred.